# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MANAL A. FEKIEH,** | ) CASE NO.: |
| | ) |
| **Plaintiff,** | ) JUDGE: |
| | ) |
| vs. | ) |
| | ) |
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,** aka **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** aka **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,** aka **ALLSTATE INSURANCE COMPANY,** aka **ALLSTATE INDEMNITY COMPANY,** | ) ) ) ) |
| and | |
| **CORAUN D. JONES,** | |
| **Defendants.** | |

## NOTICE OF REMOVAL

Defendants Allstate Fire and Casualty Insurance Company, Allstate Vehicle and Property Insurance Company, Allstate Property and Casualty Insurance Company, Allstate Insurance Company, and Allstate Indemnity Company (collectively, "Allstate" or "Defendants") hereby remove to this Court the Ohio state court action described below:

1. On August 5, 2020, Plaintiff filed her Amended Complaint in this matter, for the first time alleging putative class action allegations against the Defendants.

2. According to Plaintiff, in their evaluation of medical payments ("Med Pay") and uninsured/underinsured ("UM/UIM") bodily injury claims, Allstate's adjusters improperly use

DecisionPoint Medical Expert ("DME") software to adjust claims, reducing the amounts submitted for medical expenses without independently investigating the claim, which allegedly results in unjustified and unreasonable reduction of medical bills.  Amd. Compl., ¶¶ 2-23.

3. Plaintiff seeks to represent a class defined as "all Ohio persons and/or entities that submitted Med Pay and/or UM/UIM claims to Allstate and on which claims Allstate employed DME for the evaluation and adjustment/reduction of the submitted medical bills.  The class also includes "Ohio persons and/or entities that submitted Med Pay and/or UM/UIM claims to Allstate and on which claims Allstate engaged in unlawful claims handling conduct as more fully detailed herein."  *Id.,* ¶ 119.  Plaintiff asserts one individual count against Allstate, Count II, for bad faith, and three class counts, Count III (bad faith), Count IV (unjust enrichment), and Count V (declaratory judgment), along with claims for punitive damages and attorneys' fees.  *Id.,* ¶¶ 127-208.

4. On behalf of herself and the putative class, Plaintiff seeks to recover from Allstate compensatory damages, punitive damages, attorneys' fees, and an order requiring Allstate to cease using DME and disgorge any benefits received from Plaintiff or the putative class members as the result of Allstate's alleged conduct.  *Id.,* ¶¶ 199-208 and WHEREFORE clause, p. 27.

5. This action was initially filed in the Court of Common Pleas, Cuyahoga County, Ohio, and is captioned *Manal A. Fekieh, 5581 Quail Run North Olmsted, Ohio 44070 v. Allstate Fire and Cas. Ins. Co., et al.*, Case No. CV-18-902747.

6. On August 5, 2020, Plaintiff served the Amended Complaint, for the first-time inserting class action allegations into this case.  This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b)(1), because it is filed within 30 days of service of the initial class action pleading.

7. Consistent with the requirements of 28 U.S.C. § 1446(a), Allstate has attached all process, pleadings, and orders filed in the state court proceeding, to the extent such documents exist, as Exhibit A.

8. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of the Court of Common Pleas, Cuyahoga County, Ohio (Exhibit B).

9. Under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1453, the Complaint is removable to this Court because this Court is located in the district and division within which this litigation is pending. *See* L.R. 3.8(a).

10. This Court has jurisdiction over this litigation under the Class Action Fairness Act ("CAFA"), because:  (1) the putative class exceeds 100 members; (2) at least one member of the proposed class has a different citizenship from the Defendants; (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; and (4) no exceptions to CAFA apply. *See* 28 U.S.C. § 1332(d).

**A.  The Putative Class Size Exceeds 100.**

11. Under CAFA, the proposed class must consist of at least 100 members. *See* 28 U.S.C. § 1332(d)(5).

12. Plaintiff defines her putative class as: "all Ohio persons and/or entities that submitted Med Pay and/or UM/UIM claims to Allstate and on which claims Allstate employed DME for the evaluation and adjustment/reduction of the submitted medical bills. The class also includes Ohio persons and/or entities that submitted Med Pay and/or UM/UIM claims to Allstate and on which claims Allstate engaged in unlawful claims handling conduct as more fully detailed herein." *Id.,* ¶ 119.

13. Plaintiff does not include a time frame in her class definition, but the longest statute of limitations for her claims would be 6 years (for unjust enrichment). *Wuliger v. Cannella Response Television, Inc.*, 865 F. Supp. 2d 836, 848 (N.D. Ohio 2011).

14. Given the scope of the class and the fact that it includes all bill reductions over a six-year period, there is no doubt that the putative class that Plaintiff has defined includes more than 100 members.

15. Accordingly, this matter satisfies CAFA's class-size requirement.

**B.  There is Minimal Diversity Sufficient to Establish CAFA Jurisdiction.**

16. Under CAFA, there must also be minimal diversity, which exists where at least one putative class member is a citizen of a different state than any defendant. *See* 28 U.S.C. § 1332(d)(2).

17. Plaintiff alleges she was at all relevant times a citizen of Ohio. Compl., ¶ 39.

18. Plaintiff fails to allege the citizenship of any of the Defendants. However, the Allstate Defendants are in fact all citizens of Illinois. Accordingly, CAFA's requirement of minimal diversity is satisfied. *See* 28 U.S.C. § 1332(d)(2).

**C.  The Amount In Controversy Requirement Is Met.**

19. Under CAFA, the aggregate amount in controversy must exceed $5 million for the entire putative class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

20. "When the underlying complaint seeks an indeterminate amount of damages, the removing defendant has the burden of demonstrating, by a preponderance of the evidence, that the amount in controversy requirement has been met." *Cowit v. CitiMortgage, Inc.*, No. 1:12-CV-869, 2013 WL 142893, at *2 (S.D. Ohio Jan. 11, 2013). *See also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (same principle). "It is not incumbent upon a defendant to establish to a legal certainty that the amount in controversy exceeds the jurisdictional threshold,

4

but merely to show that it is more likely than not that the damages will exceed that threshold." *Franklin v. CitiMortgage, Inc.*, No. 1:11-CV-608, 2012 WL 10192, at *5 (S.D. Ohio Jan. 3, 2012). "Defendants may meet their evidentiary burden to show the jurisdictional amount in controversy . . . by calculation from the complaint's allegations." *Fielder v. Penn Station, Inc.*, No. 1:12CV2166, 2013 WL 1869618, at *2 (N.D. Ohio May 3, 2013). *See also Norris v. People's Credit Co.*, No. 1:12CV3138, 2013 WL 5442273, at *3 (N.D. Ohio Sept. 27, 2013) (same principle). Detailed proof is not necessary, and a removing defendant does not need to support a removal petition with evidence. *See, e.g., Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 83 (2014) ("removal notice need only plausibly allege, not detail proof of, the amount in controversy."). Moreover, "[t]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties." -- i.e., what potentially could be recovered. *Norris,* 2013 WL 5442273, at *3 (quoting *Cowit,* 2013 WL 142893, at *5).

21. Given the aforementioned six year time frame of this putative class, there is no doubt that Defendants have reduced more than $5 million in bills during this period, the propriety of all of which reductions has been put in controversy by the Amended Complaint's allegations. So, the amount in controversy requirement is met here based on the compensatory damages sought alone.

22. Moreover, Plaintiff's Amended Complaint seeks punitive damages and attorneys' fees. Those amounts place the amount in controversy even further over $5 million. *See, e.g., Johnson v. Bank of Am., N.A.*, No. 1:13-CV-02323, 2013 WL 6634498, at *2 (N.D. Ohio Dec. 17, 2013) ("Punitive damages, attorneys' fees, and injunction related costs are considered in the amount-in-controversy calculation. . . . Defendants have adequately satisfied their burden of demonstrating that the nature and extent of the damages requested by the Plaintiffs make it more likely than not that the amount in controversy exceeds five million dollars. . . . Since Plaintiffs do

5

not quantify the expenses and costs, they seek to recover, substituting monthly loan payments is an appropriate proxy.") (footnote omitted); *Norris*, 2013 WL 5442273, at *4 ("Once the Court factors in punitive damages and attorney fees as claimed in Plaintiff's Complaint with the actual damages alleged in Plaintiff's Complaint, the amount in controversy is easily met.").

23. Accordingly, the total amount in controversy here clearly exceeds CAFA's $5 million jurisdictional threshold.

### D. The Exceptions To CAFA Do Not Apply.

24. CAFA provides two mandatory exceptions to the application of federal jurisdiction, and one discretionary exception. *See* 28 U.S.C. § 1332(d)(3)-(4). None of the CAFA exceptions applies here. In order for the CAFA exceptions to apply there must be a "significant" or primary non-diverse in-state defendant. 28 U.S.C. § 1332(d)(3)-(4) (requiring either "significant relief" to be sought from an in-state defendant -- local controversy exception to CAFA -- or requiring the "primary defendant" to be an in-state one -- "home state" and discretionary exceptions to CAFA).

25. Here, the only in-state defendant, the tortfeasor, Coraun D. Jones, against whom Plaintiff is pursuing only her individual claim, not any claims on behalf of the putative class, is clearly not a primary defendant or one from whom significant relief is sought. *See, e.g., Norris* 2013 WL 5442273, at *8 ("primary defendants are those believed to be liable to the vast majority of the class members . . . the Court finds the narrow exception to CAFA jurisdiction is not met because the overwhelming number of class members' claims are alleged solely against out-of-state Defendant People's.") (citation and internal quotation omitted); *Johnson v. BLC Lexington SNF, LLC,* No. CV 5:19-064-DCR, 2019 WL 2216441, at *4 (E.D. Ky. May 22, 2019) ("The significant relief element is satisfied ... where the petition claims that every potential plaintiff is entitled to recover from the class action defendant or defendants meaning that one defendant is liable for at least one potential claim to every potential member of the class.") (citation and internal quotation

omitted); *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1166–67 (11th Cir. 2006) ("plaintiffs have failed to prove the 'significant defendant' prong of the local controversy exception. . . . [W]hether a putative class seeks significant relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment.") (citation and internal quotations omitted); *Valdez v. Metro. Prop. & Cas. Ins. Co.*, 867 F. Supp. 2d 1143, 1187 (D.N.M. 2012) ("the case law suggests a putative class seeks "significant relief" against a non-diverse defendant when the relief is a significant portion of the total relief sought by the class," noting, for example, that a "local agent of the company named as a defendant . . . would probably have had contact with only some of the purported class members and thus would not be a person from whom significant relief would be sought by the plaintiff class viewed as a whole. Obviously, from a relief standpoint, the real demand of the full class in terms of seeking significant relief would be on the insurance company itself," and holding the "local defendant in this case, Desert Mountain, fits squarely within this example of what would not constitute a defendant from whom significant relief is sought.") (citation and internal quotation omitted).

26. So none of the Defendants from whom significant relief is sought is a citizen of Ohio. Therefore, none of the CAFA exceptions is applicable to this matter.

27. In short, because the CAFA prerequisites are met, and none of the CAFA exceptions applies, this matter is properly removable under CAFA.

**WHEREFORE,** Defendants respectfully request that this Court assume full jurisdiction over this action.

Respectfully submitted,

**ANKUDA, STADLER & MOELLER, LTD.**

*/s/ Paul R. Morway*

By: _____

**DAVID P. STADLER (0073471)**
**PAUL R. MORWAY (0088109)**
**TIMOTHY P. WHITFORD (0059954)**
*Attorneys for Defendants Allstate Fire and Casualty Insurance Company, aka Allstate Vehicle and Property Insurance Company, aka Allstate Insurance Company, aka Allstate Indemnity Company*
1621 Euclid Avenue – Suite 300
Cleveland, Ohio 44115
Telephone: 216.772.3112
Facsimile:  216.672.4459
pmorway@law-asm.com

## CERTIFICATE OF SERVICE

I certify that on the **3rd** day of **September, 2020** a copy of the foregoing Notice of Removal was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and in accordance with requirements of removal. Parties may access this filing through the Court's system.

**ANKUDA, STADLER & MOELLER, LTD.**

*/s/ Paul R. Morway*

By: _____

**DAVID P. STADLER (0073471)**
**PAUL R. MORWAY (0088109)**
**TIMOTHY P. WHITFORD (0059954)**
*Attorneys for Defendants Allstate Fire and Casualty Insurance Company, aka Allstate Vehicle and Property Insurance Company, aka Allstate Insurance Company, aka Allstate Indemnity Company*