UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MANAL FEKIEH, ) | Case No. 1:20-cv-1989 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | William H. Baughman |
| ALLSTATE FIRE & CASUALTY ) | |
| INSURANCE COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Plaintiff Manal Fekieh submitted a proposed stipulated dismissal of Defendant Allstate Fire and Casualty Insurance Company. (ECF No. 16.) Plaintiff seeks to dismiss Allstate under Rule 41(a)(1)(A)(ii), but requests that the Court not dismiss her claims asserted against Defendant Coraun D. Jones. (*Id.*, PageID #601.) For the reasons explained more fully below, the Court construes Plaintiff's filing as a motion under Rule 21, and **GRANTS** that motion. The Court **DECLINES** to exercise jurisdiction over Plaintiff's remaining claim against Mr. Jones and **REMANDS** this action to the Cuyahoga County Court of Common Pleas.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 30, 2017, Manal Fekieh and Coraun Jones were involved in a car accident when Mr. Jones hit the rear driver side of Ms. Fekieh's car with his own. (ECF No. 12, PageID #467.) Ms. Fekiah was injured, and because Mr. Jones was uninsured, she submitted an uninsured motorist claim to her insurer—Allstate—for the full $25,000 provided by the policy, seeking reimbursement of her medical costs.

(*Id.*) Allstate argues that its policy does not cover all of Ms. Fekieh's medical bills, but only those Allstate deems reasonable or necessary, a decision it claims wide discretion to make. (ECF No. 8, PageID #427.) Ms. Fekieh's medical bills totaled $12,319.00, of which Allstate allegedly agreed to pay only $6,663.24. (ECF No. 12, PageID #467–68.) Allstate's final pre-suit offer was $9,963.24. (*Id.*, PageID #469.) She declined Allstate's offer and decided to sue instead.

### A. State Court Proceedings

On August 24, 2018, Plaintiff filed her initial complaint against Allstate and Mr. Jones in the Cuyahoga County Court of Common Pleas. (ECF No. 1-1, PageID #10–11.) Plaintiff asserted one claim against Mr. Jones for negligence (Count One) and another claim against Allstate for breach of contract and insurance bad faith (Count Two). (*Id.*, ¶¶ 7 & 32, PageID #12–17.)

On August 27, 2018, the State court sent summonses to both Defendants. (*Id.*, PageID #69–70.) Allstate answered, denied most of Plaintiff's claims, and asserted sixteen defenses. (*Id.*, PageID #78–82.) Mr. Jones answered and either denied, or neither admitted nor denied, most of Plaintiff's claims. (*Id.*, PageID #85–87.) In 2019, Plaintiff dismissed her claims against Mr. Jones without prejudice. (*Id.*, PageID #121.)

Plaintiff later sought leave to amend her complaint. (*Id.*, PageID #136–37.) The State court granted her request and Plaintiff filed an amended complaint on November 25, 2019. (*Id.*, PageID #144–45.) In that amended complaint, she named both Allstate and Mr. Jones as defendants. (*Id.*, caption, PageID #147.) Plaintiff

2

again asserted a negligence claim against Mr. Jones and raised insurance bad faith and unjust enrichment claims against Allstate. (*Id.*, ¶¶ 127–66, PageID #164–66.) She also asserted claims on behalf of a putative class against Allstate for breach of good faith and unjust enrichment. (*Id.*, ¶¶ 167–98, PageID #168–71.) Plaintiff also added a request for declaratory judgment. (*Id.*, ¶¶ 190–98, PageID #171.)

Plaintiff again sought leave to amend her complaint, which the State court similarly permitted. (June 2021 (Dkt. Entry).) Plaintiff filed her second amended complaint on August 5, 2020, asserting the same claims. (ECF No. 1-1, PageID #229–57.) This amendment asserted claims on behalf of a class. (*See id.*, PageID #232–36, #245–48.) Each of Plaintiff's amended complaints assert a negligence claim against Mr. Jones. (ECF No. 1-1, PageID #147–48, PageID #313–14.) Nonetheless, based on review of the record from State court, it remains unclear whether Mr. Jones appeared after his voluntary dismissal.

### B. Proceedings in Federal Court

On September 3, 2020, Allstate removed to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d). (ECF No. 1, PageID #1.) Once in federal court, Allstate moved to dismiss Plaintiff's amended complaint or, in the alternative, to strike the class allegations (ECF No. 8), which Plaintiff opposed (ECF No. 14). Mr. Jones has not appeared in the proceedings in federal court.

Before a ruling on Defendant's pending motion, Plaintiff filed a proposed stipulated dismissal of Defendant Allstate Fire and Casualty Insurance Company. (ECF No. 16, PageID #600.) The filing stated that all claims between Plaintiff and

3

Allstate are fully settled, any individual claims Plaintiff made individually against Allstate should be dismissed *with* prejudice, and all class claims should be dismissed *without* prejudice. (*Id.*, PageID #600–01.) Apparently, Plaintiff did not resolve her claims against Mr. Jones and wishes to pursue them. (*Id.*, PageID #601.)

## DISCUSSION

This most recent filing raises two issues. The first relates to Plaintiff's stipulated dismissals, which are procedurally improper under Rule 41. Second, dismissal of the claims against Allstate leaves only a State-law cause of action over which the Court has supplemental jurisdiction. The Court considers each issue in turn.

**I.  Dismissal of Allstate**

Rule 41(a)(1) of the Federal Rules of Civil Procedure governs voluntary dismissals of an *action*. According to Rule 41(a)(1), a "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). A stipulated dismissal is typically without prejudice unless the notice indicates otherwise. Fed. R. Civ. P. 41(a)(1)(B). Because Mr. Jones has not appeared before the Court, the plain language of the statute does not require his signature on the stipulation.

Because Rule 41 only applies to entire actions, not to individual claims, it cannot be used to dismiss claims against one of multiple defendants. *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). To dismiss claims against fewer than all defendants in an action, a plaintiff must move to dismiss those claims under Federal Rule of Civil Procedure 21. *Id.* Under Rule 21, "on motion or on its own, the

4

court may at any time, on just terms, add or drop a party. . . [or] sever any claim against a party." Fed. R. Civ. P. 21. Like Rule 41, unless stated otherwise, severing a claim under Rule 21 is done without prejudice. *See Alford v. Mohr*, No. 2:19-cv-1497, 2019 WL 1876776, at *1–2 (S.D. Ohio Apr. 26, 2019).

Compliance with Rule 21 is necessary because "dropping less than the entirety of an action . . . risks prejudice to the other parties." *United States ex. rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 465 (E.D. Ky. 2018) (quoting *EQT Gathering, LLC, v. A Tract of Prop. Situated in Knott Cnty.*, No. 12-58-ART, 2012 WL 3644968, at *3 (E.D. Ky. Aug. 24, 2012)). This is why Rule 21 dismissals are typically accomplished by motion. Parties that are not to be dropped should have an opportunity to respond before the Court rules on such a motion.

Plaintiff seeks to dismiss her claims against one Defendant, Allstate. But there are two Defendants named in Plaintiff's most recent amended complaint—Allstate and Mr. Jones. For this reason, the claims against Allstate cannot be dismissed under Rule 41. Instead, the Court construes the stipulation of dismissals as a motion under Rule 21. In addition, it is clear from Plaintiff's filing that she has settled her claims with Allstate, and the parties request the Court retain jurisdiction to enforce that settlement, if need be. (ECF No. 16, PageID #600–01.) On the facts presented, the Court concludes there will be no prejudice to any of the parties, so it **GRANTS** the motion, leaving Mr. Jones as the only remaining Defendant in this action.

## II.    Supplemental Jurisdiction

5

Plaintiff's only remaining claim in this action alleges negligence against Mr. Jones. The Court has supplemental jurisdiction over this claim. 28 U.S.C. § 1367(a). Plaintiff's remaining claim against Mr. Jones is not the type that is "so related" as to form "part of the same case or controversy" over which the Court *had* jurisdiction under the Class Action Fairness Act. 28 U.S.C. § 1367(a). Under 28 U.S.C. § 1367(c), the decision to exercise supplemental jurisdiction is discretionary, and absent some compelling reason otherwise, the Court may decline to exercise it. *See City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 173 (1997); 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quoting *Mussan Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)). The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining State-law claim pending against Mr. Jones.

## CONCLUSION

For the foregoing reasons, the Court construes Plaintiff's stipulated dismissal as a motion under Rule 21, **GRANTS** that motion, and **DISMISSES** Allstate from this action. The Court **DISMISSES WITH PREJUDICE** Plaintiff's individual claims against Allstate and **DISMISSES WITHOUT PREJUDICE** her class-based claims. The Court will retain jurisdiction over these parties to enforce the settlement agreement between them, if need be.

6

Further, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining claim and **REMANDS** this action to the Cuyahoga County Court of Common Pleas for further proceedings. Each party to bear their own costs.

**SO ORDERED**.

Dated: June 11, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio